IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LESTER WINTER, JR.,
No. M28567,

        Petitioner,

vs.                                          CASE NO.  14-cv-00762-DRH

WARDEN DUNCAN,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Lester Winter, Jr., is an inmate at Lawrence Correctional Center. The public records of the Illinois Department of Corrections indicate that Winter was convicted of aggravated criminal sexual abuse of a minor less than 13 years of age. His projected parole date was July 9, 2014—just days before he initiated this action.

    Winter's initial pleading (Doc. 1) bears no formal caption, except for reference to this district court. The pleading references the First Amendment, the Americans with Disabilities Act, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment. It is claimed that Winter, who has a learning disability, has been discriminated against. Warden Duncan allegedly has acted illegally by telling Winter's ailing mother that she will never see her only son again. There are also allegations that Winter's parole officer told his mother that she would never see her son again. There is an assertion that a "no contact

order" has been lifted, and that Winter is not a rapist and should not be held in prison past his parole date. Winter asks to go to a half-way house.

Winter has also filed a "Motion for Discrimination for Disable Field Service" (Doc. 5), and "Motion for Retaliation, Violating my Rights not Finding a Place for Me" (Doc. 6). These motions indicate that Winter is being held because no half-way house has been found where he could reside upon discharge. However, Winter also complains that Lt. Ray and Lt. Wheeler searched his cell and took his box of pencils, ripped his mattress and did something to his legal papers.

The Court cannot discern whether Winter intended to file a civil rights action pursuant to 42 U.S.C. § 1983, or a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release on parole, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, or one or more of those actions. Each of those avenues of relief offers distinct remedies and has distinct consequences that can impact future litigation. Consequently, the Court cannot guess what Winter wants and cannot convert a pleading under one statute to a different cause of action. *See Pischke v. Litscher*, 178 F.3d 497(7th Cir. 1999); *Glaus v. Anderson*, 408 F.3d 382 (7th Cir. 2005).

Along with the fact that the filing fee for a habeas corpus action is $5, and the filing fee for a Section 1983 civil rights action is $400 ($350 if proceeding *in forma pauperis*), Winter should consider the following when making his decision how to proceed.

In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court framed the civil rights versus habeas dichotomy:

> [A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*.
>
> \*\*\*
>
> [W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.

*Id*. at 499-500. *See also Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991) (release on probation falls within the ambit of habeas corpus relief under 28 U.S.C. 2241). Furthermore, a petition pursuant to 28 U.S.C. § 2241 applies to challenges to the fact or duration of confinement. *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). In contrast, a state conviction and sentence may be challenged via a petition under 28 U.S.C. § 2241. *See Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005).

**IT IS THRERFORE ORDERED** that the pleading filed by Winter (Doc. 1) is **DISMISSED** without prejudice, and the two related motions (Docs. 5 and 6) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Winter is **GRANTED** leave to file an amended pleading on or before **September 2, 2014**. The ultimate filing fee due will be based on the nature of the action filed. Failure to file an amended pleading will result in this action being dismissed with prejudice. Winter is free to file

multiple actions if, for example he wants to file both a civil rights action and a habeas corpus petition—but each would be a separate case and separate filing fees would be assessed.

The Clerk of Court is **DIRECTED** to send Winter Section 1983, Section 2254 and Section 2241 form pleadings, and corresponding instruction booklets.

**IT IS SO ORDERED.**

Signed this 30th day of July, 2014.

Digitally signed by David R. Herndon
Date: 2014.07.30 10:14:28 -05'00'

**Chief Judge**
**United States District Court**