IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LESTER WINTER, JR.**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:14-cv-762-SMY-PMF |
| | ) |
| **SALVATORE GODINEZ, et al.**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is defendants' motion to dismiss (Doc. No. 36). The motion was filed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's response to the motion was due by June 1, 2015. When a response was not filed in a timely manner, the Court directed plaintiff to file his responsive brief by June 22, 2015 (Doc. No. 38). Plaintiff was notified that failure to file a timely response would be considered as an admission that the arguments presented in support of the motion had merit. A timely response is not on file.

Plaintiff Lester Winter is proceeding on claims brought pursuant to 42 U.S.C. § 1983. In Count 1 of his amended complaint, he claims that defendants Duncan, Stevenson, and Williams inflicted cruel and unusual punishment by failing to release him on his scheduled parole date. In Count 2, he alleges that defendants Duncan, Stevenson, and Williams deprived him of a liberty interest without due process in violation of the Fourteenth Amendment by failing to assist in lining up a housing site. In Counts 3, 4, and 5, plaintiff asserts state law claims for negligence, false imprisonment, and intentional infliction of emotional distress. Those Counts are brought against defendants Godinez, Gaetz, Duncan, Stevenson, and Williams (Doc. Nos. 16, 22).

A federal complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). In approaching a motion to dismiss, the

allegations are viewed in a light favorable to the plaintiff, accepting well-pleaded facts as true and drawing all possible inferences in his or her favor. *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009). Specific facts are not necessary; the statement need only give fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Even so, the factual allegations must be plausible; there must be enough specific information to raise a right to relief above the speculative level. *Id*.

Rule 12(b)(1) allows for dismissal of a claim for lack of subject matter jurisdiction. The burden is on the plaintiff to prove by a preponderance of the evidence, that subject matter jurisdiction exists. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

The motion seeks dismissal of Counts 1 and 2 on the basis that the defendants implemented policies mandated by state law. Counts 3-5 are challenged on the basis that the claims are barred by sovereign immunity and should be brought in the Illinois Court of Claims.

On review of the materials on file, the Court is satisfied that relief requested in the motion is appropriate under the circumstances. The motion (Doc. No. 36) is GRANTED.

IT IS ORDERED that Counts 1 and 2 are DISMISSED for failure to state claims for relief and that Counts 3, 4, and 5 are DISMISSED for lack of jurisdiction. The Clerk is DIRECTED to close this case.

**IT IS SO ORDERED.**

**DATED:** June 30, 2015

                                           s/ Staci M. Yandle
                                         **STACI M. YANDLE**
                                         **DISTRICT JUDGE**